UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR DAVYDOV,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>  Defendant. | Case No.: 3:25-cv-0970-RSH-SBC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 AND FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)** |

On April 21, 2025, Plaintiff Aleksandr Davydov, an immigration detainee proceeding *pro se*, filed the instant civil action, along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1–2. Plaintiff also submitted supplemental documents and exhibits. ECF No. 4. In his Complaint, Plaintiff alleges violations of several federal statutes, cases, and regulations, primarily related to his asylum proceedings and ongoing detention. ECF No. 1 at 3. As discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice.

///

## I. MOTION TO PROCEED IFP

Generally, a party who institutes a civil action, suit, or proceeding in a district court of the United States, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff seeking to proceed IFP is a "prisoner," the Prison Litigation Reform Act ("PLRA") requires submission of a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Here, Plaintiff is an immigration detainee being held under the authority of the Department of Homeland Security. *See* ECF No. 1 at 1. Under the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman v. Immigration & Naturalization Servs.*, 296 F.3d 871, 886 (9th Cir. 2002) ) ("[W]e hold that an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA."); *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("[A] civil detainee is not a 'prisoner' within the meaning of the PLRA."). Because Plaintiff is not a "prisoner," the filing fee provisions of 28 U.S.C. § 1915(b) are inapplicable to this case and as such, the Court need only review Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status.

"Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Here, Plaintiff attests he is unemployed, does not receive income from any source, does not have a savings or checking account, does not own any assets of value, such as real estate, an automobile, or other similar items, and is in ICE custody. *See* ECF No. 2. Accordingly, the Court finds Plaintiff has established he is unable to pay the fees or post the securities required to maintain a civil action and therefore **GRANTS** the IFP motion. *See* S.D. Cal. Civ. L.R. 3.2(d).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)

### A.    Legal Standard

A complaint filed by any person proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 122, 1127 (9th Cir. 2000).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B.    Plaintiff's Allegations

Plaintiff names the Department of Homeland Security ("DHS") as the sole defendant. ECF No. 1 at 1. The allegations in the body of the Complaint are sparse. Plaintiff

states: "The defendant violated the security protocol protecting the plaintiff's person data and endangered his life and life of his family. This situation caused the plaintiff irreparable harm, including mental and physical health, safety, social life, trust in the government, significant financial losses, etc." *Id.* at 4. Plaintiff seeks money damages for violations of the following: 42 U.S.C. §§ 1983, 1985(2), 5 U.S.C. §§ 701–06 (Administrative Procedures Act), 28 U.S.C. §§ 1346(b), 2671–80 (Federal Tort Claims Act), 5 U.S.C. § 552a (Privacy Act), 8 C.F.R. §§ 208.6, 1208.6, and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* at 3.

Plaintiff attaches supplemental documents to his Complaint which contain a chronology of his travels dating back to 2022 and other facts relevant to his asylum proceedings, which the Court will not detail here.[1] Plaintiff also attaches what appear to be screenshots of messages and other media, written in Russian, with an apparent English translation provided by Plaintiff. *See* ECF Nos. 1-2 at 13–20; 1-3 at 3–13. It appears in some of these exchanges that Plaintiff sought the deletion of inaccurate information regarding his asylum proceedings, which was purportedly being posted online. *See* ECF No. 1-3 at 15.

### C. Analysis

#### 1. Rule 8

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). A claim is the "aggregate of operative

---

[1] Shortly before this civil action was initiated, Plaintiff filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration custody. *Davydov v. Casey, et al.*, 25cv0845-RSH-AHG (filed Apr. 17, 2024). This Court denied the petition on July 21, 2025. *Id.*, ECF No. 22.

facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *See Iqbal*, 556 U.S. at 678.

Here, Plaintiff's allegations fail to satisfy Rule 8. For example, while he lists numerous federal statutes as bases for his suit (ECF No. 1 at 3), he fails to describe or explain clearly how any individual statute applies to him or how they were violated. The same is true of the claims Plaintiff attempts to raise pursuant to federal regulations and *Bivens*. Plaintiff's only factual allegation is the conclusory assertion that his personal data was not sufficiently secured, which has endangered his life. ECF No. 1 at 4. While Plaintiff includes several supplemental documents, he fails to tie any of the facts contained therein to the specific legal authorities he lists. Moreover, he provides no facts regarding any specific act or omission on the part of Defendant relevant to any of his legal claims.

In sum, the Court finds Plaintiff's Complaint fails to provide Defendant with fair notice or a "plain statement of the claim showing Plaintiff is entitled to relief." Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Therefore, the Court **DISMISSES** the Complaint for failure to comply with Rule 8. *See Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012) ("The court may [] *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ('Rule') 8.").

2.  42 U.S.C. §§ 1983 & 1985(2)

Even if the Complaint were not subject to dismissal under Rule 8, Plaintiff cannot state a plausible claim for relief against DHS under 42 U.S.C. §§ 1983 and 1985(2). These statutes are limited to wrongful acts taken by state—not federal—officers, and as such, they "provide[] . . . no help" to plaintiffs who complain of wrongful acts "taken under the color of federal law." *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986); *see also Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a "person," and

a federal agency is not a 'person' within the meaning of these provisions.") (collecting cases). Therefore, even if the Complaint were not subject to dismissal under Rule 8, Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985(2) would be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 3. Federal Tort Claims Act

In addition, Plaintiff has failed to state a claim under the Federal Tort Claims Act ("FTCA"). Such claims must be brought against the United States. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (stating "the United States is the only proper party defendant in an FTCA action"). Because Plaintiff has named only DHS as a defendant, he has failed to state an FTCA claim. Moreover, even if Plaintiff had named the proper defendant, the claim would still be subject to dismissal. Before bringing an FTCA claim in federal court, a plaintiff must timely exhaust administrative remedies. *See* 28 U.S.C. § 2675; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1019 (9th Cir. 2007). "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff has not alleged he filed an administrative claim with DHS.[2] Therefore, even if his Complaint were not subject to dismissal under Rule 8, Plaintiff fails to state a claim under the FTCA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

///

---

[2] Among the attachments to his Complaint, Plaintiff includes a letter from the DHS Office for Civil Rights and Civil Liberties which suggests Plaintiff may have raised concerns about civil rights violations. ECF No. 1-3 at 1. But this is insufficient to allege exhaustion of an FTCA claim because it does not indicate what, if any, claims Plaintiff raised, nor does it suggest Plaintiff requested specific relief. Any "complaint [that is] not an administrative claim within the meaning of 28 U.S.C. § 2675(a)" is not sufficient to meet the jurisdictional requirement of the statute. *Brady v. United* States, 211 F.3d 499, 503 (9th Cir. 2000).

####    4.    Bivens

Plaintiff also fails to state a claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–70 (2001). As such, a *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies, such as DHS. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Moreover, beyond his mere reference to "*Bivens*," and the Fourth and Eighth Amendments (ECF No. 1-2 at 1), Plaintiff has provided no factual basis whatsoever for a *Bivens* claim. Therefore, in addition to failing to comply with Rule 8, Plaintiff has failed to state a *Bivens* claim.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678.

####    5.    Administrative Procedures Act

The same is true for Plaintiff's attempt to raise claims under the Administrative Procedures Act ("APA"). Generally, the APA permits suits against the United States by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "The APA's waiver of sovereign immunity, however, contains several limitations. By its own terms, § 702 does not apply to claims for 'money damages[.]'" *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). Claims properly asserted pursuant to the APA must also satisfy Section 702's "agency action" requirement and identify a "final agency action" to justify judicial review. *See* 5 U.S.C. § 704; *Immigrant Defs. L. Ctr. v. Noem*, __ F.4th __, No. 25-2581, 2025 WL 2080742, at *12 (9th Cir. July

---

[3]    The Supreme Court "recognized an implicit cause of action against federal officials under the Fourth Amendment in *Bivens* and extended *Bivens*'s implied cause of action under the Fifth Amendment and Eighth Amendment." *Chambers v. C. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023) (citations omitted). But the Supreme Court has also stated *Bivens* is a "disfavored judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), and has consistently refused to extend it beyond those three specific contexts. *See Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023) ("Essentially then, future extensions of *Bivens* are dead on arrival.").

18, 2025) ("The APA provides for judicial review of final agency actions.") (citing 5 U.S.C. §§ 702, 706). The APA also requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). In situations where an agency fails to do so, a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks omitted).

Here, Plaintiff fails to point to any "final agency action," or otherwise identify any legal or factual basis that would permit judicial review under the APA. Therefore, even if the Complaint satisfied Rule 8, Plaintiff's purported APA claim also requires dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 6. Privacy Act

Plaintiff also cites to 5 U.S.C. § 522a, also known as the Privacy Act, as a basis for relief. The Privacy Act provides agencies with "detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements" of the Act. *Doe v. Chao*, 540 U.S. 614, 618 (2004). There are two categories of Privacy Act claims: (1) access and (2) accuracy. *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413–14 (9th Cir. 2009).

As for access, agencies must provide an individual "access to his record" "upon request." *See* 5 U.S.C. § 552a(d)(1). An access claim under the Privacy Act may be enforced via civil action when an agency "refuses to comply with an individual request" for records. *Rouse*, 567 F.3d at 414 (citing 5 U.S.C. § 552a(g)(1)(B)). Plaintiff makes no allegation he requested and was improperly denied access to records under the Privacy Act and therefore has not stated a claim based on access.

To state a claim under the accuracy provisions of the Privacy Act, an individual must show "1) that the government failed to fulfill its record keeping obligation, 2) which failure

proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rouse*, 567 F.3d at 417 (citing *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990)). Plaintiff appears to allege inaccurate information about his asylum proceedings was disclosed (ECF No. 1-2 at 7), but he fails to allege facts suggesting DHS willfully failed to maintain his records or that he received an adverse determination as a result. Plaintiff's allegation is conclusory and speculative, and therefore he fails to state a claim under the Privacy Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678.

       7.    *Code of Federal Regulations*

Finally, Plaintiff references 8 C.F.R. §§ 208.6 and 1208.6 but fails to elaborate on how either regulation provides the basis for a claim. Both regulations state that "[i]nformation contained in or pertaining to any application for refugee asylum [or] withholding of removal. . . shall not be disclosed without the written consent of the applicant." 8 C.F.R. §§ 208.6(a), 1208.6(a). However, they do not forbid such records from being disclosed to federal, state, and local courts in legal actions "[a]rising from the proceedings of which the asylum application . . . is a part." 8 C.F.R. §§ 208.6(c)(2)(ii), 1208.6(c)(2(ii). Plaintiff appears to claim that information about his request for asylum has appeared on Russian social media, but he merely speculates that the information was obtained as a result of Defendant's improper action (or inaction). In short, Plaintiff's claim is wholly conclusory.[4] Therefore, Rule 8 dismissal notwithstanding, to the extent Plaintiff

---

[4]    Moreover, while a breach of these regulations may give rise to "a new and independent claim for asylum," *Owino v. Holder*, 771 F.3d 527, 535 (9th Cir. 2014), this Court is aware of no authority supporting a private cause of action for such a breach. *Cf. Lin v. United States Dept. of Justice*, 459 F.3d 255, 267–68 (2nd Cir. 2006) (holding that the violation of 8 C.F.R. § 208.6 may create a new risk of persecution which may, independent of the petitioner's original claim, render him eligible for asylum and/or withholding of removal); *Averianova v. Mukasey*, 509 F.3d 890, 898–99 (8th Cir. 2007) (stating that while the "regulation [§208.6] itself provides no remedy," if a disclosure

seeks to raise a ground for relief under 8 C.F.R. §§ 208.6 & 1208.6, he has failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678.

### D.     Leave to Amend

Given Plaintiff's pro se status, the **GRANTS** him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.    CONCLUSION

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **DISMISSES** the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

3. **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* Civ. L.R 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief

---

"gives rise to a reasonable inference that an applicant has applied for asylum, an applicant may have a new and independent basis for an asylum claim").

can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 15, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge